IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AUDREY NKADI<br><br>Plaintiff,<br><br>v.<br><br>NCB MANAGEMENT SERVICES, INC.<br><br>Defendant | Civil Action No.: 4:22-cv-03139<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## AUDREY NKADI'S AMENDED COMPLAINT

**COMES NOW,** Audrey Nkadi, ("Plaintiff") and files this *Amended Complaint* against NCB Management Services, Inc. ("Defendant") and respectfully shows the Court the following:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages, costs, and attorney's fees pursuant to 15 U.S.C. §1692 *et seq. the Fair Debt Collection Practices Act* ("FDCPA").

### JURISDICTION AND VENUE

2. Plaintiff brings this action under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") for actual and statutory damages, costs, and reasonable attorney's fees against NCB Management Services, Inc. ("NCB" or "Defendant").

3. This Court has jurisdiction over this action and all counts under 28 U.S.C § 1331, 1337, and 15 U.S.C. § 1692k

4. This Court has supplemental jurisdiction for any state lw claims under 28 U.S.C. § 137 against NCB.

5. Venue in this District is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred here.

6. Venue is further proper in this District because Plaintiff resides in this District and Defendant conducts business in this venue.

## PARTIES AND SERVICE

7. Plaintiff is a natural person residing in this Harris County, Texas and is represented by the undersigned Counsel.

8. Plaintiff is allegedly obligated to pay a "Consumer Debt."

9. Plaintiff is a "Consumer" meaning Plaintiff is a natural person who is allegedly obligated to pay any debt.

10. The Consumer Debt is an alleged obligation of Plaintiff to pay any money arising out of a transaction in which the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

11. Defendant is a debt collector as defined under Tex. Fin. Code Ann. § 392.001(6) and 15 U.S.C. § 1692(a)(6) because Defendant has engaged in direct or indirect debt collection against Plaintiff in Texas.

12. Defendant can be served with process on C.T. Corporation System, its registered agent, at 1999 Bryan St. Suite 900, Dallas, Texas 75201.

## FACTUAL ALLEGATIONS

13. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein with the same force and effect as if the same were set forth at length herein.

14. On or before June 16, 2022, Defendant contacted Plaintiff in an attempt to collect the Consumer Debt.

15. On July 15, 2022, Plaintiff mailed a certified letter stating she refused to pay the Consumer Debt. See Attached Exhibit "A."

16. On July 28, 2022, Defendant emailed Plaintiff in an attempt to collect the Consumer Debt despite Plaintiff informing Defendant Plaintiff refused to pay the debt. See Exhibit "B."

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

17. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

18. Defendant's debt collection efforts against Plaintiff violated various provisions of the Texas Debt Collection Act. Tex. Fin. Code Ann. § 392.001 et. seq. ("TDCA").

19. Section 392.304 provides a non-exhaustive list of Fraudulent, Deceptive, or Misleading Representations prohibited by a debt collector, including using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer. Tex. Fin. Code Ann. §392.304(19).

20. When Defendant failed to dismiss its claim against Plaintiff and instead allowed its client to file suit in this Court for the same cause for the same account is deceptive according to the least sophisticated consumer.

21. For the aforementioned reasons, Defendant violated the TDCA.

22. For these reasons, Defendant is liable to Plaintiff for statutory damages, costs, and reasonable attorney's fees.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
## 15 U.S.C. § 1692 ET SEQ.

23. Plaintiff incorporates by reference all of the above paragraphs of this Original Counterclaim as though fully stated herein with the same force and effect as if the same were set forth at length herein.

24. Defendant's debt collection efforts against Plaintiff violated various provisions of the Fair Debt Collection Practices Act ("FDCPA"), particularly Section §1692(c):

    a. (a) Communication with the Consumer Generally: Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-

    b. (c) Ceasing Communication: If a consumer notifies a debt collector in writing **that the consumer refuses to pay a debt** or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except:

        i. to advise the consumer that the debt collector's further efforts are being terminated;

        ii. to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

        iii. where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

25. For the aforementioned-reasons, Defendant has violated the FDCPA.

26. For these reasons, Defendant is liable to Plaintiff for actual damages, statutory damages, costs, and reasonable attorney's fees.

## DEMAND FOR JURY TRIAL

**27.** Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, demands judgment from Defendant as follows:

1. Award Plaintiff statutory damages not less than $100 under the TDCA from Defendant;

2. Award Plaintiff actual damages under the TDCA from Defendant;

3. Award Plaintiff injunctive relief from Defendant under the TDCA to prohibit the Defendant from continuing to report the Consumer Debt on Plaintiff's consumer reports;

4. Award Plaintiff costs of this action, including reasonable attorneys' fees and expenses under TDCA;

5. Awarding Plaintiff statutory damages up to $1,000 under the FDCPA from Defendant;

6. Awarding Plaintiff costs of this action, including reasonable attorneys' fees and expenses as allowed under the FDCPA; and

7. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

**DATED**: September 28, 2022                               Respectfully Submitted,

**JAFFER & ASSOCIATES PLLC**

*/s/ Phillip Pool* .
**Phillip Pool**
State Bar No. 24086466
**Shawn Jaffer**

State Bar No. 24107817
**Allen Robertson**
State Bar No. 24076655
**Robert Leach**
State Bar No. 24103582

>5757 Alpha Rd, Ste 430
>Dallas, Texas 75240
>Phone: (214) 494-1871
>Fax: (469) 669-0786
>Email: phillip@jaffer.law
>***Attorneys for Plaintiff***